IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| WELLS FARGO BANK, N.A., | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. |
| v. | § | |
| | § | 3:11-CV-024-K |
| BRACY C. ANDERSON and | § | |
| all occupants, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

The standing order automatically referring fee-paid pro se civil actions, N.D. Tex. Special Order 3-251, issued March 8, 2006, is hereby **VACATED** as it relates to this case.

Before the Court is Plaintiff Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Remand and Motion for Attorney's Fees (Doc. No. 4). After review and consideration of the motion, notice of removal, pleadings, and the applicable law, the motion is **GRANTED**. This cause is hereby **REMANDED** to the County Court at Law No. 4, Dallas County, Texas. Wells Fargo's request for costs and attorney's fees is **DENIED**.

**I. Background**

There are few facts presented by the parties in their filings. From what this Court can discern, Wells Fargo bought a house belonging to Defendants Bracy Anderson and Cynthia Anderson's following a non-judicial foreclosure proceeding. The house is

-1-

located at 2609 Hackberry Creek, Mesquite, Texas 75181. Wells Fargo obtained title to the house, but the Andersons did not vacate following foreclosure. To obtain possession of the house, Wells Fargo initiated a forcible detainer suit in justice of the peace court pursuant to Tex. Prop. Code. Ann. § 24.002 (Vernon 2000 and Supp. 2010). A forcible detainer suit is essentially an eviction proceeding.

Wells Fargo obtained a default judgment in its forcible detainer suit on November 19, 2010. The Andersons filed a notice of appeal of the default judgment to the county court on December 6, 2010. *See* Tex. R. Civ. P. 749 (either party may appeal a final judgment in a forcible entry and detainer case to the county court). Trial in the county court was set for January 7, 2011. *See Black v. Wash. Mut. Bank*, 318 S.W.3d 414, 416–17 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.) (forcible detainer suits may be appealed for *de novo* review in the county court). Before a decision could be reached in the county court, the Andersons removed to this Court on January 5, 2011.

## II. Legal Standard for Removal

Removal raises significant federalism concerns, which is why removal statutes are strictly construed in favor of remand. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). The burden of establishing federal jurisdiction is heavy, and it is borne by the removing party. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

## III. Analysis

Wells Fargo present two arguments to remand this case to the county court: (1)

the Andersons failed to timely remove their action to federal court and (2) even if there was timely removal, there is no basis for federal jurisdiction.

### A. Timeliness of Removal

Removal of a civil action or proceeding from a state court must occur within thirty days after a defendant receives a pleading, motion, or other paper that suggests the existence of federal jurisdiction. 28 U.S.C. § 1446(b) (2011); *see generally Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). Wells Fargo argues that the thirty day clock began to run when the Andersons were served with process for the justice of the peace lawsuit on November 11, 2010. In their Notice of Removal, the Andersons identify the county court appeal as the state action from which they removed and state the county suit was initiated on December 6, 2010. Because removal occurred on January 5, 2011, removal would be timely if measured from the Andersons' date and untimely if measured from Wells Fargo's date.

Wells Fargo argues the county court lawsuit is a continuation of the justice of the peace lawsuit and cites *Shaw v. Nix*, No. H-98-2927, 1998 WL 894587 (S.D. Tex. Dec. 18, 1998) in support of its position. In *Shaw*, the district court concluded that, because the justice of the peace court had exclusive, original jurisdiction over the forcible detainer case, the county court appeal was necessarily a continuation of the original suit. *Id*. In other words, a forcible detainer suit can not originally be brought in county court, so any forcible detainer suit in a county court must have originated in a justice of the

peace court. *See id*. This situation always makes a forcible detainer suit in Texas state county court a supplemental or incidental suit to the original action in justice of the peace court. *See Overman v. Overman*, 412 F. Supp. 411, 412 (E.D. Tenn. 1976) (a "civil action" as used in the general removal statute, 28 U.S.C. § 1441, does not include a proceeding that is supplemental or incidental to another state court action); *see also Ohio v. Doe*, 433 F.3d 502, 506 (6th Cir. 2006).

This conclusion, that the thirty day-time limit for removal begins to run from service of the justice of the peace suit for forcible detainer cases, is the same one reached in this district when presented with a similar situation. *Deutsche Bank Nat. Trust Co. v. Lee*, No. 3:10-CV-2143-L, 2010 WL 5441673, *2 (N.D. Tex. Dec. 23, 2010) (Lindsay, J.). This Court agrees with the logic of those decisions. The relevant date for removal purposes is November 11, 2010. The Andersons' removal was due on or before December 11, 2010, so their filing on January 5, 2011 was untimely by twenty five days.

### B. Jurisdictional Bases for Removal

Even if a defendant timely files a notice of removal, federal subject matter jurisdiction must still be established. An action may be removed if a federal court would have original jurisdiction over the removed claims. 42 U.S.C. § 1441(a) (2011). It's not clear from their Notice of Removal whether the Andersons assert diversity *and* the existence of a federal question as bases for federal jurisdiction or only diversity. *See* Def. Not. of Remov. at 1 (Doc. No. 1). Out of an abundance of caution, the Court will

examine both. The Andersons do not identify how their claims "arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2011). The Andersons have not met their burden to establish federal jurisdiction under Section 1331.

For actions on which prospective jurisdiction is founded upon diversity, all the requirements of 28 U.S.C. § 1332 must be met. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2005). A case removed under § 1332 must have complete diversity of citizenship. *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). "Complete diversity" means that a plaintiff may not share citizenship with any defendant. *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992). A national banking association is a citizen of the state where its main offices are located, as those offices are designated in the articles of association. *Wachovia Bank, N.A. v. Schmidt.*, 546 U.S. 303, 306–07 (2006). An individual's citizenship is determined by where he or she is domiciled. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 797 (5th Cir. 2007).

Wells Fargo disputes that complete diversity exists in this case. Wells Fargo is a national banking association, and its articles of association designate Sioux Falls, South Dakota as the location of its main offices. *Wells Fargo Bank, N.A. v. WMR e-Pin, LLC*, Civil No. 08-5472 (JNE/FLN), 2008 WL 5429134, *1 (D. Minn. Dec. 29, 2008). Therefore, Wells Fargo is a citizen of South Dakota for diversity jurisdiction purposes. *Id.*; *Wachovia Bank*, 546 U.S. at 307. The Andersons are domiciled in Texas and thus

are residents of Texas. Because Wells Fargo is a resident of South Dakota and the Andersons are residents of Texas, complete diversity exists. *Whalen*, 954 F.2d at 1094.

Section 1332 also requires that the amount in controversy exceed $75,000 and that the parties are completely diverse. 28 U.S.C. § 1332 (2009). If no amount of damages has been alleged in the state court, defendants must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (citation omitted).

The Andersons assert that the amount in controversy is the value of the object of litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In their Notice of Removal, the Andersons state that the amount in controversy is $134,800, the value of the house at 2609 Hackberry Creek in Mesquite, Texas. Def. Not. of Remov. at 2. Wells Fargo argues that the suit is one for forcible detainer, which adjudicates the right to possession and does not determine ownership of real property. *Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568–69 (Tex. App. —Dallas 2008, pet. dism'd w.o.j.) ("the only issue in a forcible detainer suit is who has the right to immediate possession of the property."). The court in *Elwell* explained that the object of forcible detainer litigation is not ownership of property but possession of it. *Id*. The Andersons have presented no evidence or argument concerning the value of possession of the house at 2609 Hackberry Creek. The Court finds the Andersons have failed to meet their burden of demonstrating the amount in controversy exceeds the jurisdictional minimum of section 1332. *De Aguilar v. Boeing Co.*, 47 F.3d at 1409.

IV.     Conclusion

The Andersons failed to remove within thirty days of receiving a pleading, motion, or other paper disclosing the availability of removal to federal court.  Even if the Andersons had timely filed, they have not demonstrated the existence of federal subject matter jurisdiction under either 28 U.S.C. § 1331 or 1332.  Wells Fargo's motion is **GRANTED** and this case is hereby **REMANDED** to County Court at Law No. 4, Dallas County, Texas.  Wells Fargo also requests its actual expenses, costs, and attorney's fees pursuant to 28 U.S.C. § 1447(c).  An award of costs and attorney's fees is within the trial court's discretion.  *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993).  Based on this Court's review of the facts and circumstances of the case, an award of expenses, costs, and attorney's fees to Wells Fargo is not warranted.  The request for costs and attorney's fees is **DENIED**.

**SO ORDERED**.

Signed March 28th, 2011.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE